## GREAT AMERICAN INS. CO. v. CAMPOS.

Circuit Court of Appeals, First Circuit.
February 20, 1928.

No. 2084.

**Appeal and error ⊂⊃627(2)—Supreme Court of Porto Rico correctly dismissed an appeal where transcript was not filed within 30 days from approval of stenographer's notes.**

The Supreme Court of Porto Rico *held* to have properly dismissed an appeal because the transcript was not filed within 30 days from approval of the stenographer's notes by the trial judge.

Appeal from the Supreme Court of Porto Rico.

Action at law by Alfredo Campos against the Great American Insurance Company. Defendant appeals from a judgment of the Supreme Court of Porto Rico, dismissing its appeal from a judgment for plaintiff in the District Court. Affirmed.

Daniel F. Kelley and Hartzell, Kelley & Hartzell, all of San Juan, Porto Rico, for appellant.

Herminia Tormes, Francisco Parra Capo, and Leopoldo Tormes, all of Ponce, Porto Rico, for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action on an insurance policy to recover a fire loss. It was brought in the District Court at Ponce, Porto Rico. There was a trial by jury and a verdict for the plaintiff, upon which judgment was entered July 30, 1925. August 25, 1925, an appeal was taken to the Supreme Court of Porto Rico. June 14, 1926, the stenographer's transcript of the evidence was approved and, on June 16, 1926, it was filed in the Ponce District Court. June 17, 1926, the parties were notified that on June 14, 1926, the transcript of evidence had been approved and certified by the trial judge. July 16, 1926, counsel for the defendant filed in the Supreme Court a motion for an extension of time to prepare the transcript of the record and the pleadings, requesting that the extension be for 30 days from July 15, 1926, the date of the motion, stating that the time had been too short in which to prepare it. July 19 and July 21, 1926, counsel for the plaintiff filed motions requesting the dismissal of the appeal, the ground for dismissal, in the last motion, being that the record on appeal had not been filed in the Supreme Court within 30 days after the transcript of evidence was approved and certified. July

28, 1926, a hearing was had on the motions of the respective parties and, the facts above stated being shown, a judgment was thereafter entered dismissing the appeal, the reasons therefor being stated in an opinion of the court filed in the case. It is from this judgment that the present appeal is taken.

In the opinion the Supreme Court states that the stenographer's notes of the trial were duly submitted for the approval of the judge who tried the case and were approved by him June 14, 1926; that on July 15, 1926 (in fact, July 16, 1926), the appellant filed a motion in this court for an extension of time to file the record; that "if the 30 days required by law for filing the transcript in this court are to be counted from the date of the approval of the stenographer's notes, the time had expired when a motion for extension was made and a motion for dismissal of the appeal would prevail." The main question considered by the court was whether the 30 days allowed by law for filing the transcript was to be reckoned from the date of its approval by the trial judge (June 14), or from the date that it was filed in the trial court (June 16), when it became a part of the records of that court; for in the latter case the time would not have expired when the defendant's motion for an extension was made (July 16). As to this the court said it was convinced that, for the purpose of an appeal, the stenographer's notes, when approved and before they were filed in the District Court, had a valid public existence; that "the law expressly requires that the transcript should be brought to this court within 30 days from the approval of the stenographer's notes"; that "no other time is fixed as, for example, in the case of ordinary judgments which only take effect from their actual record"; that "30 days is an ample time generally to prepare the transcript, even if the judge delays several days in filing the approved notes"; that "if there were an undue delay by the judge, we should use our extraordinary powers to aid an appellant"; that "30 days is surely ample time in which to ask this court for extensions of time when extensions are really needed."

The defendant in its brief takes the position that the Supreme Court in computing the time misapplied the provisions of section 388 of the Political Code of Porto Rico. That section reads as follows:

"Sec. 388. The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded."

It is evident, however, that the defendant and not the court is in error in the application of the rule, for in its reckoning the defendant excludes not only June 14 but June 15. This is shown in its brief where it says: "As June has only 30 days, from June 15 to July 15 there are only 30 days." The rule does not permit the exclusion of both of these days.

The defendant also assigns as error that the Supreme Court erred in that it did not, in the exercise of its discretion, grant an extension to the defendant for filing the transcript of record. In the absence of facts showing an abuse of discretion this assignment presents no question of law reviewable here. It is apparent, however, from the opinion of the court that the reason why it did not in the exercise of its discretion grant the defendant an extension for filing the transcript was that the facts did not warrant its exercise in the defendant's behalf.

We are convinced that the Supreme Court was clearly right in the disposition it made of the case.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs to the plaintiff appellee.